Williams, J.
—The question most prominently discussed upon the argument of this appeal is the question of interest upon the two disputed items of counsel fees. It will be observed the first referee allowed interest on these items from July 17, 1876, only upon the ground the account therefor was then presented'to defendant, and this court held this was error, and interest should only have been *865 allowed from the commencement of the action, February 16, 1883, because the account was unliquidated. While the referee allowed interest from September 30, 1872, not upon any ground suggested or considered on the former trial or appeal, but on the ground the parties had in writing expressly agreed interest should be paid from that time upon whatever should be determined to be proper charges for those services. This question clearly was not before this court nor considered, by it on the former appeal, and may be regarded as an open one to be now determined. The bill, exhibit A, had been presented to defendant July 17, 1876, and September 30, 1878, an interview was had between Hr. Hale and defendant. The bill was there present, and the two items as follows:
“1872, September 30.
“To services in case of Self v. Van Leuven, on account as per bill rendered September 30, 1872, $1,000. Add interest from September 30, 1872.
“To services in Secor v. Colvin, on account as per bill rendered September 30, 1872, $250. Add interest from September 30, 1872.” .
And then there followed a large number of items in which there was nothing stated as to interest. These two items in question, it will be seen, were just six years old, and would be subject to the plea of the Statute of Limitations. unless paid or some arrangement made that day with reference to them. Defendant was unwilling at this interview to admit the correctness of the charges in all the items of the account, but was willing to relieve the attorneys as to the Statute of Limitations. Mr. Hale after some talk wrote upon the back of the bill, and defendant signed it, the following:
“I hereby acknowledge my indebtedness to Hand & Hale, survivors of Hand, Hale & Swartz, for the items of within bill, subject to modification and correction as to amount of charges.”
The plaintiff claims this was an acknowledgment of the correctness of the entire amount of each and every charge, except the amount of any charge which he might question and controvert. It clearly was an account stated, and was binding upon the parties, except, so far as the right to controvert it, was reserved by the defendant in this writing, and really the question to be considered is what this paper meant. The account itself stated a bill, for these two items were rendered September 30, 1872, and, therefore, the services must have been, as they concededly were, rendered *866 prior to that time. It was very natural, therefore, that when, in 1876, the account including these two items was presented, interest should be claimed on these two items It was plainly stated in the bill. It appears this bill in this form had been presented two years before this interview, and that defendant looked at the bill on the occasion of this interview. We assume he knew of these entries as to interest, and if he did, and desired to question his attorneys’ right to recover interest, as therein claimed, he should have so stated in the writing of September 30, 1878. The paper does not fairly cover any such reservation as to the account, but simply and only the right to controvert the amount charged for services in the several items of the-bill to allege ánd claim, as he did on these trials, that the amounts so charged were excessive. We think the fair intendment of the paper was an admission of liability for and agreement to pay interest on these two items, or on such amounts less as should finally be allowed from September 30, 1872.
i We, therefore, think the referee was right in his allowance of interest from that date. We have examined the exceptions to the admission and exclusion of evidence, to which attention is called by appellant’s counsel, but do not find any errors therein sufficient to call for a reversal of the judgment.
The judgment appealed from should be affirmed, with costs.
Landon, J., concurs; Learned, P. J., not sitting.